# THE PORTELA LAW FIRM, P.C.

ATTORNEYS AT LAW
37–06 82nd Street, 3RD FL
JACKSON HEIGHTS, NY 11372

TEL. 718–424–5000 ▪ FAX 718–424–5002

*MANUEL PORTELA, JR

ASSOCIATES:
*BRADLEY D. SHAW
*#ASAF SARNO

*+MICHAEL J. CLEMENTE
  *Of Counsel*

BUSINESS MANAGER:
BRUNILDA SOSA

OFFICE ADMINISTRATOR:
BETZAIDA DURAN

*MEMBER OF NY AND NJ BARS
+MEMBER OF CT BAR
# MEMBER OF CA BAR

177 WADSWORTH AVE.
NEW YORK, NY 10033

TEL. 212–927–7363
FAX 212–927–4690

www.PortelaLaw.com

Honorable Katherine B. Forrest
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

May 13, 2013

**IN RE:** Lois Powell
**DOCKET NUMBER:** 12 CR 00781-004

## SENTENCING MEMORANDUM

Dear Judge Forester:

The purpose of this letter is to provide you with Lois's background, so that you may better assess her character, as well as the circumstances and events leading up to your decision to sentence Lois Powell.

### I.    HISTORY: SOCIAL, EDUCATION, WORK, and CRIMINAL

#### A. Social History and Education

Lois Powell was born in St. Mary, Jamaica on February 17, 1961 to James Powell and Avenel Powell. Lois has three other siblings: one older sister, Beverly, and two younger sisters, Dianne and Janet.

Lois was raised in a close-knit suburban community in Jamaica, in a medium sized family home.

Her father was a police officer and her mother a primary school teacher for grades kindergarten through fifth. In fact, her mother was the founder and Principal of Powell Prepatory School from 1967 to 1973, and was extremely well-respected.

Her parents instilled a staunch disciplinary approach to raising Lois and her sisters and relentlessly emphasized the importance and value of education. Lois remembers a healthy house-hold balance of strictness and fun.

Lois and her sisters were taught to look out for one another and to respect their elders, for the elders had the authority to reprimand children in the community along with the parents. This philosophy was not only espoused by the Powell family, but all families living in St. Mary at the time. The whole community felt a responsibility to not only themselves, but each individual member of the community as a whole.

Lois and her siblings received a majority of their education at a co-ed boarding school not far from St. Mary called Ochorious Presbyterian High School. Lois' mother was exorbitantly busy simultaneously teaching and attending college for an advanced teaching certificate, while her father worked long shifts protecting the community and enforcing the law.

Lois reflects fondly on this experience, as the boarding school provided a controlled environment that allowed her to focus on her studies. She remembers her mother always saying that, "Education is a gateway out of poverty" and "Education will go with you to your grave."

After Lois graduated from High School, she completed one year of "National Youth Service," from 1978-79. The service was a program that allowed Lois to assist teachers and give back to society and, in return, receive a stipend to cover the expenses while she participated in the program. She also enrolled in this program to augment her eventual application to college.

Once Lois completed the program, she decided to work at St. Mary's credit union to gain some practical business experience before immersing herself in the realm of academia. She worked here until she had her son, Kishi Ashton, in 1982.

From 1982 to 1985, she did administrative work at St. Andrew's High School to re-connect with an educational environment she dearly missed and to assist young teenagers with their educational needs. While working there, she was able to support her son, but she also felt that she needed to advance her education and, at the same time, begin to raise her son in an environment that provided a wealth of opportunity: The United States of America.

In 1985, she was granted a student visa and attended Calvin College in Grand Rapids, Michigan in January of the same year. In 1989, she graduated with a degree in business and political science.

Upon graduation, Lois decided to choose a career path that incorporated her Jamaican community's philosophy of helping others and her mother's conviction that education is an essential component to leading a successful and meaningful life.

## B. Work Experience

Being a single mother while working full-time was no easy task, but Lois enjoyed her work thoroughly and continues to love her son, Kishi, infinitely.

In 1989, her student visa expired so Lois returned to Jamaica. Lois wanted to combine her two passions of helping others and education, so in 1989, she began teaching in Kingston, Jamaica at Excelsior Community College. She taught Economics and Principles of Business until 1991.

In 1991, she was offered a position with the Ministry of Finance in Jamaica. Lois was assigned to make sure submissions for reimbursement amounts by social service programs provided by the Ministry of Local Government corresponded with the total allotted fiscal amount delegated by the Jamaican government. She was there from 1991 to 1993.

In 1993, Lois taught at St. George 's College for boys in Kingston. Once more, she taught Economics and Principles of Business.

While teaching that year, Lois wanted to obtain an advanced degree and transition permanently to the United States so that she can provide a more stable future for her son.

In the summer of 1994, she moved to Brooklyn, NY on a tourist visa because she wished to attend graduate school.

Lois needed income right away to support her son, but did not want to settle for a standard odd-job that was unrelated to her passions. So that summer, Lois was fortunate enough to obtain a position in a field that revolved around helping and educating others as a program coordinator and educational counselor for New Life of New York City. "New Life" was a faith-based after school program that provided tutorial assistance, recreational activities, and spiritual uplifting for young children and teens.

"New Life" was located in Bed-Stuy, which was a bastion for violent Gangs at the time. In fact, the director of "New Life" grew up in the gangs of Chicago. The program provided a safe haven for kids who were either being introduced into gangs or were directly affected by them. It was a place for the children not to worry about gun shots or gang violence. Additionally, most of the parents of these troubled youth were working two to three jobs and had no quality time to spend with their children.

Lois utilized her educational background and her strong belief in empowering individuals to help these children/teens. She was extra motivated because her son Kishi

was around the same age as these at-risk children. To Lois, "the mind is a powerful thing to waste" and she wanted to help them.

Lois accompanied many troubled youth to court while at the program, visited them at Rikers Island, and helped structure programs to assist these at risk-kids. She also arranged for police officers, detectives, and Department of Corrections Personnel to come in and give pep talks to the children.

Lois spearheaded recreational activities that took the children on trips to Lake Champlain in Upstate New York, where the children would go to white water raft, dirt-bike, swim, and play games. Many of these kids had never been out of the city in their lives, and Lois introduced them to a world and an environment they never knew existed.

She also created college tours, which entailed taking annual trips with the kids to Spellman College and other universities in Atlanta, as well as other universities along the East Coast. Additionally, she taught SAT prep courses to high school teens through the program.

For black history month, Lois created projects about famous African Americans. She also chaperoned the program's annual trip to Chicago for the Christian Leadership Program.

Lois worked at "New Life" until 1998.

After "New Life" Lois became a work site teacher for B.E.G.I.N.: Begin Employment Gain Independence Now.

B.E.G.I.N. was a fellowship program sponsored by New York City that provided working experience for welfare recipients (a.k.a. "students") in an attempt to reintegrate them into the working world.

The program would place these students into different government and private offices in the city and Lois'job was to periodically go to the work site and get feed back from the students and the office managers to determine whether or not they were learning, if they were acquiring skills, and if they had become acclimated. If there were issues, Lois would attempt to resolve them. If the issues were irresolvable, Lois would transition the student to another work site.

Lois was successful in helping many impoverished New Yorkers leave the welfare system and acquire jobs that eventually turned into careers.

Due to lack of funding, Lois left B.E.G.I.N. in 2000 and became a program director for the after-school program of FEGS, a Jewish based health and human service system. She maintained this position for three months before leaving due to the program being in complete disarray at the time.

Subsequent to FEGS, she began work as a vocational counselor at Project Hospitality in Staten Island that same year.

At Project Hospitality, Lois worked closely with MICA (mentally ill chemical abusers) patients who were otherwise functional. Lois provided these individuals with job readiness programs, helped them construct Resumes, taught them essential interview skills, and coordinated with social workers to ensure they received proper therapy.

After two years at Project Hospitality, Lois decided to teach seventh grade social studies as a per diem teacher for the Department of Education in 2002. She made it a point to give each individual child one-on-one time and incentivized the children to do well in school. Although she enjoyed teaching children again, after one semester she wanted to get back to the combined practice of case managing and mentoring.

Later that year, she acquired a case management position for Henry Street Settlement. While there, she was a leader in the Student Youth Employment Program.

Lois ensured that these at-risk youth did not drop out of school and helped them obtain their high school diploma or GED by providing these youth with a stipend for lunch and fares for transportation to and from school and constantly monitoring these teens make sure they were in school completing their course work.

Lois addressed any and all issues that served as an impediment to the youth completing high school. Lois would also coordinate with an in-house job developer to assist the youth acquire gainful employment subsequent to completing high school or obtaining their GED.

One of the primary goals of Lois' leadership role with Henry Street Settlement was to deter these troubled youth from having any further or continued contacts with the criminal justice system.

Due to budget cuts and a lack of funding, Lois left in 2004 and landed a job as a program coordinator for H.E.A.F.= Harlem Educational Activities Fund. This Bill Gates funded program helped prepare disadvantaged teens for College and Lois helped create programs that met this end. She was with the program for approximately eight months before funding was reduced and they could not afford to keep Lois. So Lois looked for something more stable.

From 2005 until 2006, Lois worked for WHEDco (Women's Housing and Economic Development Company) as an employment case manager for seven months. Once more, she counseled women who received welfare benefits by conducting job readiness workshops and reaching out to prospective employers in order to recommend them for employment.

From 2006 to 2010, Lois worked as a Senior Career Advisor for Seedco and the Upper Manhattan Workforce1 Career Center (not the Queens Workforce1 Career Center).

Thereafter, she worked for the Department of Labor as a Labor Service Representative from 2010 until 2012, when she was ultimately fired after pleading guilty to the instant offense.

## C. Criminal History

Prior to the instant case, Lois had never been arrested in her fifty-two years of life. She does not have a criminal record.

## II. LOIS POWELL'S MINIMAL ROLE IN A CONSPIRACY TO DEFRAUD THE UNITED STATES GOVERNMENT SCHEME

### A. Responsibility and Remorse

First and foremost, Lois accepts responsibility for participating in a scheme that defrauded the United States of federal government money and is sincerely remorseful for her actions. She knows what she did was wrong and strengthened her moral fiber through contemplation, acceptance of responsibility, and genuine remorse.

### B. Lois' Sentencing Calculation According to the Department of Probation

Under USSG §2C1.1(a)(2), Lois' base level offense is **12**.

A two level increase is warranted under the guidelines for, pursuant to §§2C1.1(b)(2) and 2B1.1(b)(1)(B), Lois' monetary gain was more than $5,000 but less than $10,000. Thus, Lois' total is bumped up to **14**.

Because Lois accepted responsibility and entered into an early plea, a two level decrease is warranted under USSG §3E1.1(a). Therefore, Lois' new total is **12** points.

Due to the fact that Lois has no criminal record, she has zero criminal history points and thus falls into a Category I sentencing range, wherein, her level of exposure is 10 to 16 months incarceration.

What the Probation Report failed to overtly express is the fact that Lois played a minimal role in what was otherwise an intricate scheme.

### C. Lois Played a Minimal Role in the Scheme

As the Probation Report describes in minute detail, Lois played—what the facts will support—a minimal role in a multi-faceted, sophisticated scheme to defraud the

6

United States Government of money it had specifically allotted for educational and training purposes.

For purposes of efficiency, there is no need to recapitulate the scheme, but rather, a need to underline the facts that support a determination that Lois played a minimal role.

The facts derived from the Probation Report are fairly accurate and support a determination that Lois did indeed play a minimal role in the scheme.

The sentencing guidelines allow for a **4** level reduction if the defendant was a minimal participant in any criminal activity under §3B1.2 (a).

The defendant bears the burden of proving by a preponderance of the evidence that [s]he is entitled to a mitigating role adjustment. See United States v. Carpenter, 252 F.3d 230, 234 (2d Cir. 2001); United States v. Brubaker, 362 F.3d 1068, 1071 (8th Cir. 2004); United States v. Silva-De Hoyos, 702 F.3d 843, 846 (5th Cir. 2012).

As defined in the commentary, §3B1.2(a) "[i]s intended to cover the defendants who are plainly among the least culpable of those involved in the conduct of a group. Under this provision, the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant."

Lois was not a leader, organizer, or devisor of the scheme. Defendants HWANG and RO planned, devised, and organized the kickback scheme and then recruited CW-1 to surreptitiously present details of the scheme individually to Lois, Defendant JOHNSON and Defendant TORRUELLA as it related to each of them.

In other words, CW-1, a sales coordinator for GENY, merely told Lois that if she approved vouchers for GENY, she would be incentivized for it. Nothing more and nothing less. Lois was unaware about the facts and circumstances detailed in paragraphs 15 – 35 of the Probation Report.

All she knew is that if she recommended vouchers for GENY, and they were approved, then she would get a very minor monetary percentage in return (7%). CW-1 never explained to her how the scheme actually worked and she never had direct contact with Defendants HWANG or RO, who were the leaders and master minds of the scheme. She only had contact with CW-1. In fact, while Lois was working at the Upper Manhattan Workforce1 Career Center with Seedco, she did not know that co-defendants JOHNSON and TORRUELLA were involved (especially since they worked in a different branch altogether).

She only knew and dealt with CW-1 and had no knowledge that GENY was fabricating school records and was engaged in Visa Fraud.

7

Lois was a pawn in something that was much bigger than her and only learned this well after the fact.

The only thing she knew is that if she recommended a voucher on behalf of GENY to other committee members, and all committee members approved, then she would be compensated for it.

Under the commentary to the sentencing guidelines, 3B1.2 states: "[A] defendant who is accountable under 1B1.3 for a loss amount under 2B1.1 [] that greatly exceeds the defendant's personal gain from a fraud offense and who had limited knowledge of the scope of the scheme is not precluded from consideration for an adjustment under this guideline. For example, a defendant in a health care fraud scheme, whose role in the scheme was limited to serving as a nominee owner and who received little personal gain relative to the loss amount, is not precluded from consideration for an adjustment under this guideline." 3B1.2 (3)(A).

The total loss to the government as a result of this scheme was $575, 845.00, wherein the gain attributable to Defendant HWANG was between $200,000 and $400,000 and the loss attributable to Lois was between $5,000 and $10,000.

Lois received nominal personal gain in relation to the overall loss amount of over half a million dollars.

Thus, in reality, through her participation, Lois personally gained a fraction of the overall amount lost by the government through the scheme. Lois received little personal gain relative to the loss amount, which was $575, 845.00 against the $7,000 she received.

The facts and circumstances show that Lois was not a leader, organizer, or deviser of the scheme; that she had little knowledge about the overall scheme; and that Lois' pecuniary gain was nominal to the overall loss amount to the United States.

Therefore, your honor should conclude that based on a preponderance of the evidence standard, Lois' role in the scheme was minimal, and thus entails a **4** level decrease from a level **12** to a level **8**.

Under a level **8**, Lois' sentencing range is 0-6 months under the guidelines. This is appropriate.

### III. LOIS POWELL COOPERATED WITH THE GOVERNMENT

Under *United States v. Massey*, the District Court held that, "[A]lthough departures under §5K1.1 requires a motion from the government, variances do not," and a district court retains discretion to take the defendant's cooperation into account as a section 3553(a) mitigating factor. 663 F.3d 852 (6th Cir. 2011).

8

On March 28, 2012, six federal agents came to Lois' apartment and requested to speak with her. She understood her right to remain silent, but decided to speak and cooperate with them anyway. She held nothing back. She was honest and forthright.

Her desire to assist the Government in anyway she can did not stop there.

On July 26, 2012, she met with AUSA Martin Bell and corroborated all of the statements and information she made to the federal agents back on March 28th of the same year. She confirmed once more that she received kickbacks and answered every question AUSA Bell proposed to her honestly.

Her honesty in providing valuable information helped the United States Government with their investigation.

As a result of her honest cooperation and assistance with the United States Government, she was arraigned on October 17, 2012 after she voluntarily surrendered.

Lois' cooperation should be a primary consideration in your honor's sentencing determination.

## IV. LOIS POWELL HAS ALREADY RECEIVED HER JUST DESERTS

Lois was punished the day she was arraigned on October 17, 2012 when the Department of Labor fired her after they discovered why and what she was arrested for. On that day, her fruitful and substantive twenty-five year career in helping, educating, and mentoring others came to an abrupt end.

Her ability to financially support her sister Diane and her son Kishi came to an abrupt end as well.

Lois has been working non-stop since 1989, supporting herself and other family members. Her work in education, counseling, and mentoring provided her with a strong sense of identity, meaning, and a true passion for life.

The punishment began on October 17, 2012, and has continued, despite Lois' relentless efforts in attempting to gain employment. With every interview that results in rejection, the punishment grows more severe.

Lois has interviewed for positions with the Union Settlement Association, Community First in Brooklyn, the LESC, Inc. Diversity Works Program, Henkles & McCoy, Inc., and the Center for Employment Opportunities, just to name a few.[1]

Lois has now been unemployed for seven months and her arrest and Felony conviction has impeded her ability to acquire a job.

---

[1] Attached are emails from the organizations corroborating the fact that Lois interviewed with each of these organizations.

She has continued to search for work, despite the pain and the suffering that has come as a result of Lois' arrest and Felony conviction and her subsequent inability to support her sister and her son.

Moreover, these last seven months, she has been solely living off of the alms and charity of friends and family. For an independent woman who has always preached self-reliance and personal responsibility, this has been particularly difficult for her. This is just one more form of internal punishment for a woman who always prided herself on being a capable, self-reliant, and independent individual.

She had another job interview this week, but has re-scheduled it for next week, pending your Honor's sentencing decision.

## V. PLEA FOR LENIENCY

Lois Powell is a generous, kind, compassionate Mother and sister, and possesses an unflappable work ethic and a strong desire to educate, mentor, and help people who need it.

From the moment Lois walked through the doors of our office, I knew she was different. She is educated, had never been arrested prior, and from day one, was always honest.

As is evidenced by Lois' extensive work experience, education is a key element in Lois' life philosophy and Lois has always focused her career in education and helping individuals who cannot help themselves.

Lois knows what she did was wrong. She has accepted responsibility for her actions and has expressed the most genuine remorse for the same.

In the heart of all hearts, Lois is not a criminal, but a loving individual who has worked hard all of her life to support her son, her family, friends, and her clients.

Society will not benefit from any period of incarceration and nor will Lois.

As you can see, Lois has been relentless in applying for jobs and her current unemployment of precisely seven months has served as a strong deterrent to ensure that Lois will never do anything like this again.

Lois is apologetic and wishes she can undo what cannot be undone. But because she cannot, Lois continues to learn from the grave mistake she made and wishes to move forward with a life devoid of all criminal activity.

Please show Lois Powell leniency by sentencing her to a non-incarceratory sentence.

Truly Yours,

Sanders Denis, Esq.
Manuel Portela, Jr. Esq.
Asaf Sarno, Esq.
The Portela Law Firm, P.C.
37-06 82nd Street, 3rd Floor
Jackson Heights, NY 11372

# CORROBORATING EMAILS

## Asaf Sarno

**From:** lois powell [hopiepo@hotmail.com]

**Sent:** Friday, February 15, 2013 10:43 AM

**To:** Asaf Sarno

**Subject:** FW: Interview for the Workforce Advocate Position

Good Morning Asaf:

I have an interview today. Please read below

Lois

---

Date: Thu, 14 Feb 2013 12:38:54 -0500
Subject: Re: Interview for the Workforce Advocate Position
From: anishimura@unionsettlement.org
To:

I will see you tomorrow at 4pm at the address below:

Washington Community Center
1775 Third Ave. (at 98th St.)
New York, NY 10029

You need to sign in at the front desk and someone will direct you to the right room. I look
forward to meeting you.

---------- Forwarded message ----------
From: **Akiko Nishimura** <anishimura@unionsettlement.org>
Date: Tue, Feb 12, 2013 at 5:27 PM
Subject: Interview for the Workforce Advocate Position
To:
Cc: Steven Portericker <sportericker@unionsettlement.org>

Hello, my name is Akiko Nishimura and I am the Program Coordinator for the Union East
Program. Thank you for your interest in applying for the position as the Workforce Advocate.
Please know that this is a part-time position in an after-school program, 25 hours a week, and
salary of $19,500 with benefits.

I am holding a group interview this Friday either at 9am or 4pm. Please let me know by
tomorrow, Wednesday, at 3pm regarding which time would work for you and indicate "both" if
either is fine. Due to time restriction, the slot with the most response will be chosen and I will
get back to you. Also, please prepare a 5-10 minute mini-lesson that shows your talent and skill,
academic or non-academic.

I am looking forward to meeting you.

--

Akiko Nishimura, Program Coordinator
Union East Program, Union Settlement Association
1775 Third Ave. New York, NY 10029
Office: 212.828.6134
Mobile: 917.723.0834
Fax: 212.828.6124
TTY/TDD: 1-800-662-1220

Union Settlement Association is an equal opportunity employer/program.
Auxiliary aids and services are available upon request to individuals with disabilities.


--

Akiko Nishimura, Program Coordinator
Union East Program, Union Settlement Association
1775 Third Ave. New York, NY 10029
Office: 212.828.6134
Mobile: 917.723.0834
Fax: 212.828.6124
TTY/TDD: 1-800-662-1220

Union Settlement Association is an equal opportunity employer/program.
Auxiliary aids and services are available upon request to individuals with disabilities.

5/13/2013

## Asaf Sarno

**From:** lois powell [hopiepo@hotmail.com]

**Sent:** Monday, February 25, 2013 10:57 AM

**To:** Asaf Sarno

**Subject:** Interview for Case Manager

Asaf:

I have an interview tomorrow @ 3:00pm for a case manager position with Community First in Brooklyn

Lois

## Asaf Sarno

**From:** lois powell [hopiepo@hotmail.com]

**Sent:** Wednesday, February 27, 2013 12:21 PM

**To:** Asaf Sarno

**Subject:** follow-up from yesterday's interview

Afternoon Asaf:

I had an exceptionally interview yesterday. I was practically handed the job until I informed Dr. Terry that I had plead guilty to defrauding the federal government. That when things turned sour. Because they receive federal funding, they could not offer me the position.

Since morning, I applied to Job Path. A few minutes ago, I got a call for an interview. I find that given the downturn of the economy, people with my experience are able to attract interviews. However, I am unable to get an offer because of my situation. I am so frustrated

Lois

## Asaf Sarno

**From:**   lois powell [hopiepo@hotmail.com]

**Sent:**   Wednesday, March 13, 2013 11:58 AM

**To:**   Asaf Sarno

**Subject:** And still another possible interview

Asaf:

Just received a voicemail for a possible interview for caseworker in Staten Island.  Have not returned call since I am so frustrated

Lois

## Asaf Sarno

**From:**    lois powell [hopiepo@hotmail.com]

**Sent:**    Wednesday, March 13, 2013 9:45 AM

**To:**      Asaf Sarno

**Subject:** FW: 3/21/2013 at 11:30AM

GM Asaf:

Below is the date and time of the interview that I mentioned to you earlier this week. I know they will be doing background checks as I was asked to be able to state the places that I have live since birth. I confirmed but I am hesitant as I kinda know where this will lead.

I do not know where else to seek work. Even on the McDonald's, Trader Joe's applications that I filled out, they require background check. I am at a loss. I have used up all my networking contacts.

Lois

Subject: 3/21/2013 at 11:30AM
Date: Wed, 13 Mar 2013 09:14:51 -0400
From: FOrtiz@lesc.org
To: hopiepo@hotmail.com
CC: SBernstein@lesc.org

Dear Lois Powell,

It was a pleasure speaking with you. I am confirming your interview for 3/21/2013 at 11:30AM for the vocational/educational specialist position at Diversity Works Program. The location of interview:
**LESC, Inc. Diversity Works Program**
**1932 Crotona Parkway**
**Bronx, NY 10460**
You will be meeting with Susan Bernstein, Acting Director of Diversity Works Program, and myself. If you have any questions, please do not hesitate to contact me at
347-226-3409. Have a good day.

Thank You,
Franchesca A. Ortiz, Social Work Coordinator
LESC, Inc. Diversity Works Program
1932 Crotona Parkway
Bronx, NY 10460
Office: 347-226-3409
E-mail: FOrtiz@lesc.org

## Asaf Sarno

**From:** lois powell [hopiepo@hotmail.com]

**Sent:** Thursday, March 28, 2013 2:04 PM

**To:** Asaf Sarno

**Subject:** Interview with HR

Dear Asaf:

Just got call from HR for 2nd interview with Lower Eastside Service Center for Vocational/Educational Counselor position on April 5th @ 1:30pm. At that time I will speak about my conviction.

Lois

## Asaf Sarno

**From:** lois powell [hopiepo@hotmail.com]

**Sent:** Wednesday, April 10, 2013 10:14 AM

**To:** Asaf Sarno

**Subject:** 3rd interview with LESC

GM Asaf:

Received a call yesterday from LESC in reference to the Vocational/Educational Specialist
position. I was asked to come in on 4/15/13 @ 11:45pm for 3rd interview with Joseph
Krasnansky, director of the program.

I will be doing my "nam myoho renge kyo" chant.

Lois

## Asaf Sarno

**From:**   lois powell [hopiepo@hotmail.com]
**Sent:**   Thursday, May 09, 2013 4:36 PM
**To:**   Asaf Sarno
**Subject:** Stuff

Hi Asaf:

I apologize for not meeting with you today. I had an interview with Henkels and McCoy and then I went to speak with a former co-worker who is a job developer on employment assistance. I will speak with you tomorrow as I just got into the apartment

# CHARACTER LETTERS



**Trinity**
WALL STREET

Honorable Katherine B. Forrest
United States Judge of the Southern District
500 Pearl Street
New York, NY 10007

January 10, 2012

Dear Judge,

I knew Lois during her years of teaching at St. George's College in Kingston, Jamaica. I have profound respect and admiration for her generosity of spirit and professionalism.

Lois shared with me the unfortunate events. She understands the mistakes she has made and regrets her errors wholeheartedly.

Knowing Lois, I can see how she fell into that trap. Lois has always been willing to help others, especially those in need.

I know she is cognizant of the wrong done, learned the lessons, and suffered enough humiliation and loss of resources.

Hopefully, she will not need to spend time in prison, which would only do more damage to her life – I think she has suffered enough.

I ask for mercy.

Yours,

The Reverend Mark Bozzuti-Jones
Priest for Pastoral Care

Mission & Ministry

*for a world of good*

AN EPISCOPAL PARISH IN THE CITY OF NEW YORK · 74 TRINITY PLACE · NEW YORK, NY 10006
TRINITYWALLSTREET.ORG · T 212.602.0800 · F 212.602.9648

Beverley Anderson
1611 Waterwood Court
Missouri City, Texas 77459

January 17, 2013

Honorable Katherine B. Forrest
United States Judge of the Southern District
500 Pearl Street
New York, NY 10007

Your Honor,

I am writing in reference to Lois Powell, who is appearing before your court.

Lois asked me to write a character reference letter, but the truth is that I was already planning on doing so before the request. I feel strongly about Lois, and about her future, and I want to try to make you feel the same way.

Lois is a person of good moral character. She is kind, caring and empathetic. Lois is my sister and I have seen how compassionate she is towards others. Always helping, especially to those who need help the most, as was the case with Joel. This young man was sickly and in such need for medical attention. As a poor soul in the small district where we lived in Jamaica, Lois noticed and took him under her wings. She assisted him by getting an appointment to see a physician in Kingston where it was confirmed he had Sickle Cell Anemia. The young man was able to get the appropriate treatment then, became enrolled in the Sickle Cell Program and receives regular checkups and treatment to this day. I am convinced that without her intervention, we may not have Joel here today.

Lois chose a career that is focused on helping others. She has taught, volunteered for the National Youth Service program, and even as a very young child, Lois would beg our now deceased mother to "take in" and help raise the poorer children in the community.

As her eldest sister, I have seen Lois go through ups and downs, but all the while I have known that she is a genuinely good person at the core. She just needs us to believe in her now, give her a chance so that she can correct the mistakes she's made and demonstrate the kind, loving person I know she is.

I could continue with descriptions of Lois's many other good qualities and her willingness to help even now with her present difficulties, but I'll just say Lois has made mistakes, and she is incredibly remorseful. I am asking for you to give her a second chance.

Those who break the law are punished. Incarceration is punishment for a wrong done, but please believe me when I say, Lois is currently being punished, and will continue to be punished for a long, long time starting with herself and the guilt, shame and remorse she feels:

[Recipient Name]
February 12, 2013
Page 2

from losing her job, the inability to have unemployment benefits, and the unbelievable difficulty of obtaining employment. She is managing only with help and assistance from family and friends.

I recognize the power you wield with regards to the future of Lois, and so I beg you to be merciful when considering what is just reparation for my dear, fifty-one year old sister.

Thank you,


Humbly Yours,

Beverley Anderson

# Kaaria Y. Mucherera

1431 Bedford Avenue, 1C.........Brooklyn, NY 11216...........646-331-1144...........Kaaria7777@gmail.com

January 23, 2013

Re:    Lois Powell

Honorable Katherine B. Forrest
United States Judge of the Southern District
500 Pearl Street
New York, NY 10007

Dear Judge:

I am writing you concerning Ms. Lois Powel, a friend and former coworker. I met Lois in 1994 when she came to work for New Life of New York City, Inc., a youth outreach and development program. We have remained friends since that time. She served as Administrative Assistant, Youth Counselor and Education Coordinator. Two outstanding things that come to mind about Lois is her devoted commitment to both administration and direct services. In administration, Lois was attentive to the finest details and tenaciously task oriented. She was most dependable. In direct services, she was warm and sincere in her caring work with our youth. She always made time for them.

I could always depend on Lois to provide me with honest feedback on the effectiveness and impact of New Life services. Her creativity was helpful in developing program components that were interesting to our young people as well as help them to learn and grow. Lois' warmth and concern held to create a family and community for our young people as well as myself. She is certainly missed.

Lois has shared with me that she is in trouble and shared much regret as she explained her mis-step. While I was happy that she could confide in me, I was also hurt that such a loyal and dear friend is now in trouble.

I never wanted to lose her from New Life. Being a not-for-profit organization, we were dependent on funding to continue service. Lois took a position else-where when funding became too low to pay when funding became too low to pay her. We are presently hoping to bring her back on staff. While we have had many fine persons on staff since Lois, none have matched her love, care, and professionalism. We pray that we don't miss an opportunity to have her on staff again. Because I know her value, I am willing to do anything to help.

Lois is so regretful for what she has done. My heart aches for her knowing that she is such a fine person who gives so much. I am also concerned about her son who is a fine young man doing all he can to succeed in life. This will be difficult without his mother by his side. So many young people will benefit from her being involved in youth services again. I continually pray for mercy, compassion, and forgiveness for Lois. Please be merciful.

Thank you in advance for all of your help.

Sincerely,

Kaaria Y. Mucherera

January 29, 2013

Honorable Katherine B. Forrest
United States Judge for the Southern District of New York
500 Pearl Street
New York, New York 10007

Your Honor:

I am not a man who talks a lot. However, when it comes to my mother **Lois Powell**, I feel very comfortable talking, at length, about her character. The one thing I know for sure about my mother is that she is never afraid to tell the truth. And, of all the lessons she has engrained in me, the one she has never allowed me to get away with is lying. For this I am very grateful, because I have learned that no matter the situation, telling the truth is the most honorable route the take.

She encourages me to make my own decisions consciously. My aunts tell me that she has been doing this even when I was not able to speak clearly. As was the case when I was a toddler convincing her that I wanted to wear my blue shirt with the buttons, as opposed to the one she had picked for me to wear.

She is a practical person and this was (and even now) present in her age-specific discipline and guidance. When I was about six years old my grandma brought me a hand of ripe bananas, which I did not want to share with my friends. After going back and forth with me about the values of sharing and my saying that my grandma gave them to me, she told me to sit and eat all the bananas immediately. After eating three bananas one after the other, I reluctantly offered some of the remainder to my friends. Now I know that it was her efforts to teach her only child the consequences of gluttony, self-indulgence and not caring for others.

She also made sure to instill in me that growing up in a family that could easily provide the things I needed made me only "better off and not better than" anyone else. She made sure to include our neighbors' children in any festivities and to always share with them. My longest and most trusted friendships happened because of this. She also instilled in me that I should bask in my own accomplishments and not rely on my family's legacy. Getting a college degree was a must, and to the best of her abilities, she has always helped me to find and maintain every job I have held.

Ever since I can remember, my mother seems to be always looking out for other people. I have seen it in the way she acts with my friends, and her friends and associates. Once, I was sent home from school with a letter asking her to donate to the school's efforts to purchase fans for the teacher's lounge. She quickly responded that she would gladly donate when those efforts included buying fans for the classrooms and any other room where people would have to spend time throughout the day. She has helped so many people, including my mentally challenged uncle and ailing grandmother, who may not have had the courage on their own, to get the resources they needed to make their lives better. For example, better jobs, and the right type of health care.

Your honor, I know my mother will continue to seek out ways to be a benefit to society. I beg that you consider this in your sentencing decision.

Sincerely,

Kishi Ashton

Honorable Katherine B. Forrest
United States Judge of the Southern District
500 Pearl Street
New York, NY 10007

RE:     Gleeson Young
        221 Van Buren Street, NW
        Washington, DC 20012

Your Honor:

It gives me great honor to write this letter on behalf of Lois Powell. She is the mother of my nephew, and has been a close family member for about 30 years now. We both had children born in the same year. . Our children were close when they were young and we developed a bond through illnesses and growing pains. Throughout our time knowing one another she has shown characteristics of enthusiasm, trust as well as hard work and dedication. With one of the biggest hearts, I know, Hopie; as we know her, exhibits genuine benevolence for others and especially her loved ones. She is a remarkable mother with incomparable and unconditional love and devotion to her family, all of which truly lay the foundation for her wonderful persona. Her relationship with my mother while she was alive is a credit to the person that Lois is because she maintained the relationship even though she and my brother were no longer a couple.

Her imposing personality, captivating charisma and enthusiasm have made it a pleasure knowing her well on a personal level. Lois has the perfect gauge for knowing how to separate casual issues from issues of importance and delicacy where she provides her utmost and undivided attention. Her exceptional professionalism, communication skills and outstanding rapport with people of all ages, have well prepared to undertake any task. Her relationship with my mother while she was alive is a credit to the person that Lois is because she maintained the relationship even though she and my brother were no longer a couple. She exhibits efficiency and competency as well as proper organization. Most importantly, her true integrity is one of the most highlighted and cherished aspects of her character. Over the years, through moments of both adversity and joy, she is able to make the most of any situation and sustain a positive attitude. Her rationality makes her a pleasure to be around and work with both in a professional and personal setting. Lois's positivity and optimism can help her overcome just about anything. These aforementioned qualities have been valuable assets to our relationship for the past 30 years. Without a doubt in my mind, her maturity and skills will get her through whatever adversity she is now facing. Without a doubt, I am willing to give her moral and some financial support to take her through this time because she is still Hopie to me.

I truly believe that Lois Powell knows right from wrong. I also know that she is aware that what she did is wrong and she regrets being involved in this wrongdoing. Lois wants to get on with her life and realizes that there has to be punishment but putting Lois in jail would not be of any benefit to society. Lois has made a mistake and it would be detrimental to all around her to put her in jail. She needs to be of support to her son and other family members.

If you have any further questions regarding Lois Powell, please do not hesitate to contact me. I am more than happy to help.

Sincerely,

Gleeson Young

Janet Powell
8890 NW 78th· Court
# 352
Tamarac, Florida 33321

February 1, 2013

Honorable Katherine B. Forrest
United States Judge of the Southern District
500 Pearl Street
New York, NY 10007

Dear Judge Forrest

Re:  Lois Powell

My name is Janet Powell.  I am the youngest sister of Lois.  I have known my sister since my childhood.

As an older sibling, I have the utmost respect for Lois.  She has helped me throughout my entire life, in many instances going without her basic needs.  We both went to boarding school together.  During that time, Lois would comb and wash my hair, assist me with homework, and ensured that I ate well.  When I came to the United States, my sister gave me a place to live, bought me clothing and assisted me in finding employment.  I will and remain everlastingly grateful for her help in my life.

My sister Lois and I talk several times per day, mainly about the situation she is in.  She truly, sincerely and deeply regrets what has happened and is ready to move forward with her life.  I am willing to help her in every way I possibly can.

Up until now, Lois has never been in trouble with the law.  Lois has been a productive citizen, working and paying her taxes.

Judge Forrest, Lois is a kind, loving and good person.  I ask you, Judge Forrest please to be lenient.

-2-

Should you need to contact me, I can be reached by phone: 646-285-4839, or by mail:- 8890 NW 78th. Court
    #352
    Tamarac, Florida 33321

Thank you Judge Forrest.

Sincerely,

………………
Janet Powell

Collin Gray
3363 Sedgwick Ave, Apt 1D
Bronx, N Y 10463

February 4th, 2013

Honorable Katherine B. Forrest
United States Judge of thee Southern District
500 Pearl Street
New York, NY 10007

Your Honor:

I am writing to urge leniency in the sentencing of my friend Lois Powell.

I have known Lois for more than eight years. Over those years, we were involved in a
relationship (6 years) but remained good friends after it ended. Lois has been a loyal and
generous friend to me and to her family and friends. She has always exhibited good
judgment, a strong work ethic, love of life and family, civic pride and responsible. I am
aware of the seriousness of the crime she was involved in, but it is still hard for me to
wrap my head around. This is not the woman I came to know, love and admire, and I'd
like to give you a perspective that shows that she is much more than the person you are
charged with sentencing.

Lois has always been there for her son and family. For years she made the ultimate
sacrifice for the betterment of her son in particular, and family in general, by living and
working in a foreign country. She left Jamaica and her son to work in a country with
greater economic opportunity so she could ensure that her son has the best education at
the best schools in Jamaica, and that he and her family live comfortably. To this end Lois
worked tirelessly, eventually reuniting with here son, who is a successful, responsible
college educated, law abiding  young  man today.

It was therefore not a bother or burden to Lois to extend the same love and support to me,
my family and any in need in the community. Indeed, most recently, she helped me to
attend my brother's eightieth birthday - in Toronto, Canada, I was frustrated and
saddened that my travel arrangements and opportunity to share this special milestone
with my brother fell through. However, Lois heard about my difficulties and generously
stepped in and I am ever so grateful to her. Lois, who has limited driving  experience,
offered to drive me from New York to Toronto, Canada so I could see my family and
personally share this special mile stone with my brother. I cannot thank her enough as she
did this with out requiring much in return, graciously accepting the humble hospitality of
my family over the weekend.

Lois Powell
February 4, 2013
Page 2

But this is the Lois that I have known over the years. On another occasion Lois rescued a friend and her children when they became stranded in New York .This particular woman made living arrangements in New York in preparation of her migration from Jamaica to the Bronx, New York. However, upon arrival here, there was a disagreement with her planned hosts and she was promptly asked to leave. With nowhere to go and young children to care for, Lois offered the family temporary lodging at her home. What was originally supposed to be three weeks became six months but Lois never once complained. She understood the family's plight and generously assisted them until they could afford to move out on their own.

I am aware that Lois has definitely made a misstep here. However, I remain confident and hopeful that given the opportunity Lois will work to regain the trust and respect of her family and friends like me, and will exercise better judgment and care in all future endeavors.

As you know Lois has never been in trouble with the law before, and given her otherwise clean record, as well as her ties to her family, friends and community, I ask that leniency be exercised.

I remain available at the above address should you have any questions.

Sincerely,

Collin Gray

February 5, 2013

Honorable Katherine B. Forrest
United States Judge of the Southern District
500 Pearl Street
New York, NY 10007

Your Honor:

RE: Noida E. Ashton, 17 Habersham Court, Silver Spring, Maryland 20906 on behalf of **Ms. Lois Powell.**

I have had a family association with Ms. Lois Powell since she was a partner to one of my brothers, Paul Ashton and from that partnership, I have a nephew. We are a close family and I have remained in contact with Lois and my nephew for over 30 years.  I have admired and respected Lois during that time for her dedication and unselfish support of her son and for the loyalty she has shown to my family, particularly to my mother who is recently deceased.

I understand the trouble in which Lois has now found herself and stand willing to support and assist her to the best of my ability.  I know she has immediate family that will provide her with a place to live but as a good friend of Lois I am able provide her with guidance and whatever other assistance I am able to offer.

Lois was raised from a modest background in Jamaica where she completed her high school studies and was admitted to college in the United States.  She had a drive and courage to leave Jamaica to pursue her studies in the United States.  She brought to that experience a strong work ethic having to partially support her educational and living expenses while pursuing her degree.

She has been kind and caring in her approach and dealings with my family.  She was particularly fond of my mother and always made it a point to visit with her on her trips to Jamaica. She has always been kind, caring and helpful and I have never known her to speak a harsh or unkind work to anyone.  Her parents were stalwart members of their rural community and Lois grew up in a moral and ethical environment.

I know that Lois is cognizant of the wrong she has down and deeply regrets her actions.  I am confident that if given a chance, Lois will learn from this unfortunate experience and with the help of her friends and family be able to move forward with her life in a positive way. I sincerely believe that little would be gained in sending Lois to prison.  She is a gentle individual that would suffer greatly and traumatically from this course.  I promise you that there is enough support for her and that she will never repeat her mistake and will be able to be a productive and law abiding member of society.

Thank you for your kind consideration of this appeal in light of the positive and caring personality of Ms. Powell, her penitence and commitment to uphold the law in the future.

Sincerely,

Noida E. Ashton
P.S. Business Card is attached

**Noida Ashton**
*Director of Placement and Authentication Departments*

**Embassy of the State of Kuwait**
*Cultural Division*

3500 International Drive, N.W.        Tel: (202) 364-2115
Washington, D.C. 20008                Fax: (202) 363-8394
Email: kwnreid@kuwaitculture.com

# BEDFORD CENTRAL PRESBYTERIAN CHURCH

### 1200 DEAN STREET -- BROOKLYN -- NEW YORK -- 11216
### Church Telephone #: 718 467 0740  FAX:  718 778 6718
### Dr. Clive E. Senior Neil, Pastor



February 6, 2013

Honorable Katherine B. Forrest
United States Judge of the Southern District
500 Pearl Street
New York, NY  10007

RE:    Rev. Dr. Clive E. Neil
       Bedford Central Presbyterian Church
       1200 Dean Street -- Brooklyn, NY--11216

Dear Judge:

My relationship to Lois Powell is that of Pastor and I have known her for more than twenty years. During those years, our relationship has always been a feeling of mutual respect and concern. Lois has always displayed a sense of friendship and concern to those she endeared by giving of herself unselfishly in both her personal and professional lives.

I have been made aware by Lois of her challenge she is now facing in the legal system and our conversation, on many occasions, has indicated the severity of her trouble. I have indicated to her, I will offer as much support in the area of employment and counseling as she attempts to regain stability in her life. I have already given her several leads in the areas of job possibilities.

Lois possesses a discipline and motivational lifestyle that has endeared her to those she comes in contact with. This discipline can be observed in the way she interacts with her co-workers and friends. Lois demands respect and accountability from her colleagues, due to the courage and honestly of her character. As a colleague on the church staff for several years, Lois carried out her responsibilities with both effectiveness and efficiency working with troubled youths in the community. She displayed acts of compassion, mercy, and forgiveness whenever our young people got in trouble.

It is my hope that the same display of mercy that Lois showed to the young people in our community should also be shown to her as many of these young people have become productive citizens, making significant contribution in our community. It is my hope that Lois be given another chance to continue to make a difference, to show love and compassion, and motivate those that come in her presence on a daily basis. Imprisonment, I believe, would rob her community of her insight, understanding, and love.

Respectively Yours,

Rev. Dr. Clive E Neil

"O TASTE AND SEE THAT THE LORD IS GOOD: BLESSED IS THE MAN THAT TRUSTETH IN HIM." (Psalm 34:8)

February 10, 2013

Honorable Katherine B. Forrest
United States Judge of the Southern District
500 Pearl Street
New York, NY 10007

### RE: Ms. Lois Powell

Dear Judge:

My name is Andreen Douglas and I am a maintenance worker. I met Ms. Powell in January of 2011 at an appointment set by the Department Of Labor. Ms. Powell was my Labor Services Representative. At our meeting, Ms. Powell explained to me what is required of me to maintain my unemployment benefits. She discussed the services provided by the Department of Labor and how important it was for me to partake in them.

I explained to Ms. Powell that I was having a difficult time finding steady work as a Personal Care Aide as the number of hours I worked with agency was being cut, and I had a difficult time keeping up with my bills. She provided me with a contact list of home care agencies that might be hiring. She also gave met tips on constructing a resume, suggested that I take advantage of the Interviewing Skills workshops to brush up on my interviewing skills and directed me to organizations that could also assist me with finding work.

I followed through but was still having a difficult time finding work. After several follow up appointments with Ms. Powell, I mentioned that I was interested in the 599 training program where I could obtain my GED and look for work in maintenance. Ms. Powell provided me with an application which I filled out and returned to her. It was submitted for review and within two months, I received approval to attend GED classes. I am currently enrolled in a GED program in downtown Brooklyn.

While doing classes, I continue looking for work not just as a Personal Care Aide but also in maintenance. I found an agency through the classifieds that was hiring for maintenance workers. I applied and was given a list of what I should submit before I was considered a candidate. One of the requirements was reference letters. I asked Ms. Powell if she would be willing to write a letter of recommendation, and she did so willingly. Today, I am employed with that agency and I am getting back on my feet.

I am very grateful of the kindness offered by Ms. Powell. She always treated me with respect and never looked down on me. I could share my frustration with finding work with her without she dismissing me. She was always willing to listen and offer suggestions. Ms. Powell explained to me the reason why she no longer works at Department of Labor. I feel very bad for what she did and I asked for mercy judge, mercy. I asked that she will be given a chance to continue helping others and not be sent to jail. Ms. Powell helped not just me, but I have seen her providing resources to others also. Many people benefitted from her work at the Department of Labor.

She is truly, truly sorry for what she did and recognize the consequences of her actions. Judge Forrest I asked that you exercise mercy in your decision and no jail time.

Sincerely,

Andreen Dougla